UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MALCOLM KING,

        Plaintiff,

                                                        Case No. 19-CV-705

v.

LINK WILD SAFARIS, LLC,

        Defendant.

---

## PLAINTIFF MALCOLM KING'S
## MOTION TO STRIKE DECLARATIONS OF
## JEFF DEMASKE AND BRADFORD T. BLACK

---

Plaintiff Malcolm King, by his attorneys, Halloin Law Group, S.C., pursuant to Federal Rules of Civil Procedure 7(b) and 37(c), submits the following motion to strike the declarations of Jeff Demaske and Bradford T. Black. The grounds for this motion are set forth herein and in the supporting declaration of James J. Irvine.

In support of its response to Plaintiff Malcolm King's motion for partial summary judgment, Defendant Link Wild Safaris, LLC ("LWS"), filed declarations from two strangers to this litigation: Jeff Demaske (DN 24) and Bradford T. Black (DN 23). Prior to the filing of these declarations on December 11, 2020, LWS had not disclosed either Mr. Demaske or Mr. Black as a fact witness or as an expert witness. Regardless of whether these persons are providing fact testimony, expert testimony, or some combination of the two, they were not disclosed and their declarations should be stricken.

The parties stipulated to a deadline of January 29, 2020 for initial disclosures pursuant to Rule 26(a)(1). (DN 5, p.4.) Pursuant to Rule 26(a)(2), the Court ordered that Mr. King disclose his expert(s) and report(s) no later than April 29, 2020, and that LWS disclose its expert(s) and report(s) no later than June 29, 2020. (DN 8, p.2.) The Court's pretrial order warned the parties that "Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37." (DN 8, p.8.)

Mr. King disclosed one expert, Raymond Lee, who provided a written report on May 12, 2020.[1] (DNs 9, 15, 19.) LWS did not disclose any experts by its deadline of June 29, 2020.[2] (DN 20, p.8, RPFF No. 44.) LWS provided its Rule 26(a)(1) initial disclosures late, on September 17, 2020. (Irvine Decl. Ex. 1.) Neither Jeff Demaske nor Bradford T. Black appears on LWS's initial disclosures. (*Id.*) Discovery in this matter closed on October 2, 2020. (DN 8, p.2.)

In support of its response to Mr. King's motion for summary judgment, on December 11, 2020, LWS filed declarations from Jeff Demaske (DN 24) and Bradford T. Black (DN 23). The two declarations are nearly identical to one another. In the first paragraph of each, the declarant states his alleged experience hunting sheep. (DNs 23, 24.) In the second paragraph, the declarant states that he hunted a North Baja Desert Bighorn Sheep in 2019 roughly four hours north of the Loreto airport, after obtaining a permit. (*Id.*) In its response materials, LWS cites these

---

[1] The parties' counsel agreed to an extension for disclosure of Mr. King's expert(s) due to delays with discovery responses by LWS. (Irvine Decl. ¶ 2.)

[2] If the fourteen (14) day extension of Mr. King's expert deadline was also provided to LWS, LWS's expert disclosure deadline would have been approximately July 13, 2020.

two declarations to support its position that the "North Baja Desert Bighorn Sheep can be found in the area described in the contract, four hours north of the Loreto airport and permits for hunting these sheep have been issued in recent years." (DN 20, pp.7–8, RPFF No. 43.) In its brief, LWS describes these declarations as being "in direct opposition" to expert Raymond Lee's report. (DN 21, p.8.) LWS also states these declarations are not expert opinions. (DN 21, p.8 n.2.)

Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003) (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). Factors that the Court may consider include:

> (1) the prejudice or surprise to the party against whom the evidence is offered;
> (2) the ability of the party to cure the prejudice;
> (3) the likelihood of disruption to the trial; and
> (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

LWS's eleventh hour attempt to disclose new witnesses is neither justifiable nor harmless. This lawsuit, filed on August 29, 2019, had been pending for nearly 16 months before LWS disclosed these new witnesses. (DN 1.) Raymond Lee's

report, which provides the opinions that are being opposed by the new witnesses, was disclosed on May 12, 2020. (DN 9.) LWS's deadline to disclose responsive expert(s)—which was no later than July 13, 2020 (*see* fn. 2)—is long expired. Even fact discovery regarding these witnesses' alleged knowledge is prohibited because discovery closed on October 2, 2020. (DN 8, p.2.)

The prejudice Mr. King would suffer if these declarations from undisclosed witnesses are considered for the instant motion or allowed to testify at trial is considerable. The March 29, 2021 trial date would be delayed because discovery would have to be reopened in order to allow Mr. King to depose the witnesses and conduct the relevant third-party discovery (e.g., related to the booking agent or guide used), Mr. King's expert would have to be given the opportunity to rebut their statements and opinions, and summary judgment would have to be briefed again. In addition to the lengthy delay this would cause, Mr. King's would incur substantial additional attorney fees and costs, into the tens of thousands of dollars. Thus, the significant delay and additional out-of-pocket costs to Mr. King would cause substantial harm. *See, e.g., Baemmert v. Credit One Bank, N.A.,* 271 F. Supp. 3d 1043, 1051 (W.D. Wis. 2017) (declining to consider declaration from undisclosed fact witness on summary judgment).

Importantly, this Court does not need to determine whether Mr. Demaske and Mr. Black are being offered as experts. The sanctions set forth in Rule 37 apply to both undisclosed lay witnesses and undisclosed expert witnesses. *Tribble v. Evangelides*, 670 F.3d 753, 759–60 (7th Cir. 2012). *See also* Federal Practice &

Procedure § 2289.1 (referring to automatic exclusion for witnesses not disclosed despite a duty under Rule 26(a) or Rule 26(e)(1)).

Based on the foregoing, Mr. King respectfully requests that the Court strike the declarations of Bradford Black and Jeff Demaske. (DNs 23, 24.)

Dated December 21, 2020.

                                     **HALLOIN LAW GROUP, S.C.**
                                     Attorneys for Malcolm King

                                     s/ James J. Irvine
                                     Scott R. Halloin
                                     Wis. State Bar No. 1024669
                                     James J. Irvine
                                     Wis. State Bar No. 1088726
                                     Molly S. Fitzgerald
                                     Wis. State Bar No. 1098534

Halloin Law Group, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, WI 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinlawgroup.com
jirvine@halloinlawgroup.com
mfitzgerald@halloinlawgroup.com