IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MALCOLM KING,

                  Plaintiff/Creditor,

v.

LINK WILD SAFARIS, LLC,

                  Defendant/Debtor

and

NATIONAL BANK OF COMMERCE,

                  Garnishee.

OPINION AND ORDER

19-cv-705-slc

_____

This lawsuit arises out of a contract between plaintiff Malcolm King and defendant Link Wild Safaris, LLC (LWS) for the hunting of North Baja Desert Bighorn Sheep. After the court granted King's motion for partial summary judgment, dkt. 34, and the parties' stipulated judgment, dkt. 46, King filed an application for a writ of garnishment against LWS and its bank, the National Bank of Commerce, to collect a portion of the civil judgment, dkt. 48.[1] The court granted King's request on May 27, 2021, dkt. 49, and the bank filed its answer on June 7, 2021, stating that it was retaining $22,434.36 from LWS's account pending resolution of the garnishment action, dkt. 53. LWS then filed its own an answer, asserting that the funds being held by the bank belong to a third party and are exempt from garnishment. Dkt. 54. Before setting a hearing on the matter, I directed LWS to present legal authority and admissible evidence in support of its defense and gave King an opportunity to respond. The parties' submissions are now before the court. *See* dkts. 57, 60.

---

[1] I have revised the caption to reflect the garnishment action and the addition of the bank as the garnishee.

The parties have not argued that a hearing is necessary, and after reviewing the parties' briefs, I see no need for one. For the reasons explained below, I conclude that LWS has failed to show that the funds being retained by National Bank of Commerce are exempt from garnishment and will direct the bank to release the funds to King. Further, I will grant King's request to seek taxable costs pursuant to Wis. Stat. § 812.22 in an amount to be determined by the court after hearing from the parties.

## OPINION

In contesting the garnishment action filed by King, LWS argues that the $22,434.36 withheld from its bank account belongs to a hunting outfitter with no connection to the underlying case. LWS has submitted declarations from Jay Link, the owner of LWS, and his executive assistant, Lydia Olson-Cook. Link avers that in April 2021, a hunter named Tom Byrd "paid LWS $23,500 as a deposit to be paid to a hunting outfitter called Club Ibex for a big game hunt in Kyrgyzstan from October 16-26, 2021." Dkt. 58 at ¶ 2. Attached to Olson-Link's declaration are copies of Byrd's check dated April 28, 2021, a May 26, 2021 invoice from Club Ibex to LWS for three different hunts in Kyrgystan (each totaling $36,900 with an outstanding amount due of $62,600), and Byrd's amended contract with LWS for the October 2021 hunt (including meals, lodging, trophy fees, professional hunter service, and infield travel). Dkt. 59, exhs. 1-3. Byrd's contract details a payment plan showing that he made two separate payments of $6,700 in 2019 and 2020 and that $23,500 was due to LWS with the signed amended contract on April 27, 2021. Dkt. 59-1.

Link avers that LWS deposited Byrd's check in its account with National Bank of Commerce on May 5, 2021 until the funds were due to be paid to Club Ibex. Dkt. 58 at ¶ 4. He also avers that all but a small portion of those funds were in LWS's account at national Bank of Commerce on June 3, 2021 when the bank received the garnishment summons and complaint. *Id.* at ¶ 5. Link admits that LWS had used a little over $1,000 of the funds for other business expenses, but retained the bulk of the funds ($22,434.36) in its account for payment to Club Ibex. *Id.*

As King points out, LWS does not claim a specific exemption regarding the funds withheld from its bank account. *See* Wis. Stat. § 815.18(6) ("[A] debtor shall affirmatively claim an exemption or select specific property in which to claim an exemption."). The only legal authority that LWS cites in support of its general exemption defense is Wis. Stat. § 812.01(1), which provides that "[a]ny creditor may proceed against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor." This proposition is correct as far as it goes, but it doesn't shed any light on whether debtor's funds allegedly owed to third party are exempt from garnishment.

Here, the contract submitted by LWS shows that Byrd owed LWS $23,500 for LWS's services associated with the October 2021 hunt. The contract identifies Club Ibex as the outfitter but makes no mention of any deposit to be paid to that company by any specific date. Although Club Ibex later billed LWS for three different hunts, including Byrd's, that document is insufficient to establish that the $23,500 Byrd paid LWS on April 28, 2021 "belonged" to Club Ibex. The Club Ibex invoice does not indicate what amount if any was still owed specifically for Byrd's hunt. *See* dkt. 59-1. The check Byrd wrote to LWS was deposited in a

3

bank account in LWS's sole control and could be used for any purpose, as evidenced by the fact that LWS used about $1,000 to pay other business expenses unrelated to Byrd's hunt. Presumably, LWS would have to come up with the additional $1,000 from other sources to cover what it says it owed to Club Ibex. LWS has failed to show that the $22,434.36 being held by the bank belongs to anyone other than LWS.

Accordingly, I will grant King's request that the court order National Bank of Commerce to release the $22,434.36 retained from LWS's account to King. I also agree with King that he is entitled to taxable costs as the prevailing party in the garnishment action and will allow him to file a bill of costs. *See* Wis. Stat. § 812.22; *Barrows v. Petrie & Stocking, S.C.*, 2008 WL 3540405, at *7 (W.D. Wis. Aug. 13, 2008) (§ 812.22 allows prevailing creditors to seeks costs in contested garnishment actions).

**ORDER**

IT IS ORDERED that

1. Garnishee National Bank of Commerce shall disburse to plaintiff/creditor Malcolm King the $22,434.36 it is retaining from defendant/debtor Link Wild Safaris, LLC's account.

2. Plaintiff's request for costs pursuant to Wis. Stat. § 812.22 is GRANTED in an amount to be determined by the court. Plaintiff shall file his bill of costs not later than September 17, 2021 .

Entered this 6th day of September, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge